UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

TOYS "R" US, INC.,

                          Plaintiff,

          - against -

METRO ONE LOSS PREVENTION SERVICES
GROUP (GUARD DIVISION NY), INC.

                          Defendant.

-------------------------------------------------------------X

**COMPLAINT**

CV 11 - 3568

ITALIANO, J.

MANN, M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 25 2011 ★
BROOKLYN OFFICE

Plaintiff, TOYS "R" US, INC. ("TRU"), by its attorneys, LEDY-GURREN, BASS &

SIFF, L.L.P., as and for its Complaint against Defendant, METRO ONE LOSS

PREVENTION SERVICES GROUP (GUARD DIVISION NY), INC. ("Metro One") alleges

as follows upon information and belief:

### PARTIES

1.      Plaintiff, TRU, is a Delaware corporation authorized to do business in

the State of New York, with its principal place of business in Wayne, New Jersey.

2.      Defendant, METRO ONE is a foreign corporation authorized to do

business in the State of New York, with its principal place of business at 900 South

Avenue, Staten Island, New York 10314.

3.      Upon information and belief, Metro One provides loss prevention services

to TRU and other retail stores in the State of New York and other states.

### JURISDICTION AND VENUE

4.      This action is brought pursuant to 28 U.S.C. §1332(a) because the matter

in controversy exceeds the sum of $75,000 and is between citizens of different states.

1

5.   Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. §1391(a) and (c) because defendant Metro One is a resident of this District.

## THE FACTS

6.   This action stems from a putative class-action lawsuit ("the Underlying Action") that was brought by several plaintiffs against both TRU and Metro One in the United States District Court for the Southern District of New York, in which plaintiffs, customers at TRU stores, sought compensatory damages based on alleged acts of racial discrimination committed by TRU security guards that occurred when plaintiffs exited TRU stores.

7.   Plaintiffs in the underlying action claimed that these acts of racial discrimination occurred as part of TRU's exit greeter program which was in operation at certain times in TRU stores.

8.   Prior to the underlying action, TRU and Metro One entered into a series of Security Guard Service Agreements ("Security Agreements"), pursuant to which Metro One was to provide various security guard duties for TRU at its stores.

9.   Pursuant to the Security Agreements, Metro One covenanted and agreed to indemnify, defend and save harmless TRU for any claims and lawsuits related to or arising out of any actual or alleged act or practice by Metro One or any of its employees and/or agents, including, without limitation, claims in an individual or class action, by a private party for, among other things, personal injury, emotional distress, false arrest, assault or detention.

10.   Pursuant to the Security Agreements, Metro One covenanted and agreed to defend any such action brought against TRU at its sole expense and/or to assume the

2

expense for TRU's defense.

11.    The Security Agreements were in effect and legally binding upon Metro One at all relevant times when plaintiffs in the underlying action claim to have been subjected to racially discriminatory acts at TRU stores.

12.    TRU tendered its demand to Metro One for a defense and indemnity in the Underlying Action.

13.    At the outset of the Underlying Action, TRU and Metro-One entered into a Tolling and Standstill Agreement ("the Standstill Agreement") whereby TRU's contractual right to indemnification was deferred pending the resolution of the Underlying Action.

14.    Immediately following the resolution of the Underlying Action, TRU requested that Metro One reimburse it for the legal fees, expenses, costs and disbursements that TRU incurred as a result of defending itself in the Underlying Action, but Metro One has unreasonably failed to accept TRU's tender.

15.    Metro One continues to refuse to reimburse TRU, despite its contractual obligations, as evidenced by the clear and unambiguous terms of the Security Agreements.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

15.    Plaintiff repeats and realleges paragraphs 1 through 15 of the Complaint as though set forth fully herein.

16.    Metro One has breached its contract with TRU by failing to reimburse TRU for the legal fees, expenses, costs and disbursements that were incurred by TRU

3

as a result of it defending itself against plaintiff's claims in the Underlying Action.

17.    As a result of Metro One's breach, TRU has incurred damages in the amount of $313,501.55 [three hundred thirteen thousand five-hundred and one dollars and fifty-five cents], and continues to incur damages.

WHEREFORE, TRU demands judgment in its favor and against Metro One as follows:

On its first cause of action, awarding TRU damages of $313,501.55 [three hundred thirteen thousand five-hundred and one dollars and fifty-five cents], including interest thereon, and awarding plaintiff the costs and disbursements of this action, and granting plaintiff such other and further relief as this Court seems just and proper.

Dated:      New York, New York
            July 25, 2011


                    Yours, etc.

                    Ledy-Gurren, Bass & Siff, LLP


                    By:_____
                    Daniel Siff (DES 4749)
                    Attorneys for Plaintiff
                    Toys "R" US. INC.
                    475 Park Avenue South
                    New York, New York 10016
                    (212) 447-1111